FILED

JUL 06

IN THE UNITED STATES DISTRICT COURT
FOR THE OF SOUTH DAKOTA

| | |
|---|---|
| IN RE: GRAND JURY SUBPOENA/ COURT ORDER | Case No. _15-mc - 88_<br><br>**Filed Under Seal** |

### APPLICATION FOR ORDER COMMANDING FACEBOOK, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA/COURT ORDER

The United States requests that the Court order Facebook, Inc. not to notify any person (including the subscribers and customers of the account(s) listed in the grand jury subpoena/court order of the existence of the attached grand jury subpoena/court order for a period of 24 months, subject to renewal, or until further order of the Court.

Facebook, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached grand jury subpoena/court order, which requires Facebook, Inc. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached grand jury subpoena/court order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and

its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached grand jury subpoena/court order will seriously jeopardize the investigation or unduly delay a trial, including giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the grand jury subpoena/court order, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Facebook, Inc. not to disclose the existence or content of the attached grand jury subpoena/court order for a period of 24 months, subject to renewal, unless otherwise ordered by the Court, except that Facebook, Inc. may disclose the attached grand jury subpoena/court order to an attorney for Facebook, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application, the grand jury subpoena, and any resulting order be sealed for 24 months, to be automatically unsealed by the Clerk of Courts, subject to renewal, unless otherwise ordered by the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to

all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated this 6th day of July, 2015.

Dennis R. Holmes
Assistant United States Attorney
PO Box 2638
Sioux Falls, SD 57104
605-357-2350
Dennis.Holmes@usdoj.gov